IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MOHAMMED QUASEM** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No.: **PJM 11-1836** |
| | * | |
| **GUIDANCE RESIDENTIAL, LLC, et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Mohammed Quasem has sued Guidance Residential, LLC ("Guidance"), Mortgage Electronic Registration Systems, Inc., Shapiro & Burson, LLP, and Patricia Falsetti, alleging fraudulent and predatory lending practices in violation of federal and state law.[1] Guidance filed a Motion to Dismiss on July 11, 2011, to which Quasem has failed to respond.[2] For the following reasons, the Court **GRANTS** Guidance's Motion as to Counts I, II, IV, XI, XII, and XIII and **DISMISSES** the remainder of Quasem's claims against Guidance, all of which are based on state law.

---

[1] Mortgage Electronic Registration Systems, Inc., Shapiro & Burson, LLP, and Patricia Falsetti have never been served with process in this case and no good cause has been shown for that failure. Accordingly, all claims against them will be dismissed without prejudice.

[2] By letter dated February 24, 2012, Quasem advised the Court that the firm with which his attorney was associated had closed its "activities." Although he does not indicate why the attorney, as opposed to the firm, was unable to continue representing him, he now seeks time to find another attorney and an extension of time to file a response to Guidance's Motion to Dismiss. But, in fact, Quasem's "attorney" never entered an appearance in the case. Quasem has always officially been pro se.

Guidance's Motion was filed on July 11, 2011. Seven and one-half months passed before Quasem submitted his February 24 letter requesting additional time. While some extension of time may have been appropriate after the normal deadline for Quasem's response, i.e., a short extension from early August 2011, it is simply unacceptable for Quasem to have waited more than six months only to ask for yet a further delay.

The Court notes that this case involves what appears to be Quasem's personal residence and was filed in response to a foreclosure proceeding involving that residence. Delay of the underlying proceeding was very much in Quasem's interest, since he would be able to retain his home that much longer. Accordingly, Quasem's request for further delay, after an inexcusable period of delay, has little equitable appeal.

Beyond that, as the Memorandum Opinion will explain, all of Quasem's purported federal claims are wholly without merit. There is really nothing a new attorney could add on Quasem's behalf. This case will be dismissed and should go forward in state court as a foreclosure proceeding. Quasem's state law claims, insofar as any have merit, may presumably go forward in the state proceeding.

**I.**

The facts viewed in the light most favorable to Quasem are as follows. On February 25, 2005, he and his wife purchased a property located in Silver Spring, Maryland. To finance the purchase, they executed a note and deed of trust in favor of Guidance in the amount of $375,000. Guidance purportedly never provided Quasem or his wife with several required documents or other pertinent information at or prior to settlement, including a Servicing Transfer Disclosure Statement, a Notice of Transfer and Underwriting and Transmittal Summary Form, and the annual percentage rate on the Truth in Lending Disclosure Statement. Guidance also allegedly (1) misrepresented to Quasem and his wife their qualifications for the loan and their ability to repay the loan; (2) failed to disclose its affiliated business arrangements to Quasem; (3) never delivered good faith estimates of disclosures within three days of the loan application; (4) did not provide an itemization of the amount financed; (5) failed to disclose certain finance charges imposed as part of the loan or to explain how those charges were to be determined; (6) obtained or provided a hidden fee for referral of settlement business; (7) controlled selection of the service provider; (8) did not properly manage the escrow account; and (9) extended the loan knowing the price was based on an inflated appraisal report and that Quasem would not be able to repay it. Quasem submits that Guidance intentionally and willfully violated its legal duties and engaged in misrepresentation in order to induce him and his wife to execute the loan and deed of trust, and that Guidance conspired with co-Defendants to carry out these illegal acts.

After Quasem and his wife were unable to make the monthly payments on the loan, Guidance appointed attorneys of Shapiro & Burson, LLP as substitute trustees to commence foreclosure proceedings on the property. Sale of the property was set for April 6, 2011. On April 5, 2011, Quasem filed the instant suit in Circuit Court for Montgomery County. Guidance

removed the case to this Court on the basis of federal subject matter jurisdiction and supplemental jurisdiction, and thereafter, on July 7, 2011, filed a Motion to Dismiss. Despite ample time and opportunity, Quasem has never responded. On February 6, 2012, the Court issued an Order granting Quasem an additional 20 days to file an opposition. He has not done so; therefore, the Court considers Guidance's Motion without a response from him.

**II.**

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). But the court need not accept as true "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Id*. There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain sufficient well-pled facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The factual allegations must "permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 129 S. Ct. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A plaintiff proceeding *pro se* is held to a "'less stringent'" standard than is a lawyer, and the court must construe his claims liberally, no matter how "'inartfully pleaded.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, even a *pro se* plaintiff is not exempt from the requirement that his complaint

contain more than mere "'labels and conclusions'" or "'a formulaic recitation of the elements of [a] cause of action.'" *Walden v. Allstate Ins. Co.*, 388 F. App'x 223, 224 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. 555).

### III.

### A.

Guidance argues that Quasem's claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, are barred by applicable statutes of limitations and should be dismissed. The Court agrees. Where a plaintiff has alleged "'facts sufficient to rule on an affirmative defense,'" such as "'the defense that the plaintiff's claim[s are] time-barred,'" the Court may reach the defense in ruling on a motion to dismiss under Rule 12(b)(6). *Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc)).

In Count I, Quasem contends that Guidance violated several provisions of RESPA and the corresponding regulations. *See* 24 C.F.R. §§ 3500.1-.23. RESPA's limitations period is either one or three years, depending on the violation. 12 U.S.C. § 2614. Here, the alleged violations arose out of a loan executed on or before February 25, 2005, but Quasem did not initiate this action until April 5, 2011. Accordingly, regardless of whether the limitations period is one or three years, his RESPA claims must be dismissed.

Quasem asserts in Count II that Guidance violated several sections of TILA and the corresponding regulations. *See* 12 C.F.R. §§ 226.1-.20. A claim under TILA must be brought within one year of the date of the violation. 15 U.S.C. § 1640(e). Since Guidance's alleged

failure to disclose information occurred on or before February 25, 2005 and Quasem did not file suit until April 2011, his TILA claims must be dismissed.

**B.**

In Count IV, Quasem alleges that Guidance never provided him with a privacy notice in violation of the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. §§ 6801-6809; 16 C.F.R. § 322.4. He claims that he is still unaware of how his non-public information was and continues to be used and disseminated. As Guidance points out, however, "[n]o private right of action exists for an alleged violation of the GLBA." *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) (collecting cases); *see also Gehron v. Best Reward Credit Union*, No. 10-cv-2051-IEG (BLM), 2011 WL 976624, at *2 (S.D. Cal. Mar. 15, 2011); *Rezende v. Citigroup Global Mkts., Inc.*, No. 09 Civ. 9392(HB), 2010 WL 4739952, at *5 (S.D.N.Y. Nov. 18, 2010); *Williams v. Ravenwood Receivables Corp.*, No. 3:09-CV-333, 2009 WL 3614764, at *1 (E.D. Tenn. Oct. 27, 2009); *Cannon v. Zurich N. Am.*, No. CV-07-0927-PHX-FJM, 2007 WL 2875500, at *1 (D. Ariz. Oct. 3, 2007). Without a private right of action, Count IV must be dismissed for failure to state a claim upon which relief can be granted.

**C.**

In Counts XI, XII, and XIII, Quasem argues that all the Defendants conspired to commit mail fraud, conspired to commit wire fraud, and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964, respectively. These claims fare no better. With regard to Counts XI and XII, "[c]ourts in this circuit have expressly held that '[n]o private right of action exists for mail fraud, or for wire fraud.'" *Uhre v. Emmett A. Larkin Co., Inc.*, 205 F. Supp. 2d 475, 478 (D. Md. 2002) (quoting *Baker v. Data Dynamics, Inc.*, 561 F.

Supp. 1161, 1166 (W.D.N.C. 1983)). These Counts must be dismissed pursuant to Rule 12(b)(6).

Quasem's civil RICO claim also fails. Although Quasem does not identify the RICO provision under which he seeks relief, each provision requires that a plaintiff allege, *inter alia*, a "pattern of racketeering activity." 18 U.S.C. § 1962(a)-(c); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495-97 (1985). And to allege a pattern of racketeering, a plaintiff must proffer that at least two predicate acts were committed. 18 U.S.C. § 1961(5). The Complaint in this case does not identify a pattern of racketeering, let alone cite specific examples. Quasem merely states that "Defendants engaged in a mortgage lending enterprise," used "the interstate mail and wire systems to communicate with one another and to [him]," and that "[t]his pattern of activity resulted in . . . financial damages . . . as a result of their predatory loan." He does not allege any facts to support these vague, conclusory assertions. Accordingly, the Court dismisses Count XIII.

**IV.**

Quasem originally filed this suit in state court, and Guidance removed it solely on the basis of federal subject matter and supplemental jurisdiction. 28 U.S.C. §§ 1331, 1367. The Court has now dismissed all of Quasem's federal law claims that supported removal. Since, pursuant to 28 U.S.C. § 1367(c)(3), a federal court may decline to exercise supplemental jurisdictional over state law claims when the federal claims have been dismissed,[3] s*ee*

---

[3] The Court notes that although there appears to be complete diversity of citizenship, the Complaint does not allege that the matter in controversy exceeds the $75,000 necessary to establish original jurisdiction under 28 U.S.C. § 1332. The Complaint merely seeks damages "resulting from the breach of contract," "[c]ompensation" for Defendants' various violations of state and federal law "in an amount to be determined at trial," "[p]unitive damages" against Defendants Guidance and Burson & Shapiro "in an amount to be determined at trial," and "[s]tatutory damages for violations of TILA and RESPA "in an amount to be determined at trial." The Civil Intake sheet filed with Quasem's Complaint in the Circuit Court for Montgomery County states that it is a breach of contract claim for more than $20,000, but does not identify exactly how much or that Quasem suffered any other

*Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995), the Court dismisses without prejudice all of Quasem's state law claims against all Defendants.

**V.**

For the foregoing reasons, the Court **GRANTS** Guidance's Motion to Dismiss [Paper No. 10] as to Counts I, II, IV, XI, XII, and XIII and **DISMISSES** the remainder of Quasem's claims. Final Judgment will be entered in favor of Defendants and against Plaintiff.

A separate Order will **ISSUE**.

                                                                                                             /s/
                                          **PETER J. MESSITTE**
                                 **UNITED STATES DISTRICT JUDGE**

**March 13, 2012**

---

type of harm. Without more, there is insufficient evidence to establish that this Court would have diversity jurisdiction over Quasem's state law claims.